UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CR-20967-GAYLES

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DARRON DERRAIN CROMER**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Darron Derrain Cromer's *pro se* Motion for Compassionate Release (the "Motion") [ECF No. 36]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.   BACKGROUND**

Defendant, a 54-year-old male, is incarcerated at the Coleman Medium Federal Correctional Institution ("Coleman Medium FCI") in Sumterville, Florida with a projected release date of March 26, 2024. On June 3, 2019, United States District Judge Federico A. Moreno sentenced Defendant to 70 months of imprisonment, a 3-year term of supervised release, and a $100 assessment for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). [ECF No. 22]. To date, Defendant has served over half of his sentence.

On March 23, 2021, Defendant filed the instant Motion requesting compassionate release for the balance of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). As a preliminary matter, Defendant alleges he exhausted his administrative remedies as more than 30

days have elapsed since he submitted a request to a Bureau of Prisons ("BOP") warden for release. [ECF No. 36]. Defendant argues his compassionate release is warranted because his age and hypertension render him especially vulnerable to the COVID-19 virus. *Id.* In response, the Government argues the Motion should be denied because Defendant failed to exhaust his administrative remedies, has not raised an extraordinary and compelling reason for release, and continues to pose a danger to others and the community. [ECF No. 38].

## II.     LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-cr-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

§ 3582(c)(1)(A); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* § 3553(a). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies, (2) the § 3553(a) factors support Defendant's

compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-cr-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## III. DISCUSSION

The Court first finds that Defendant exhausted his administrative remedies. Turning to the merits, the Court concludes that Defendant fails to demonstrate extraordinary and compelling medical circumstances warranting release, the § 3553(a) sentencing factors do not support a modification of Defendant's sentence, and Defendant remains a danger to others and the community. Accordingly, the Motion is denied.

### A. Exhaustion of Administrative Remedies

On November 29, 2020, Defendant submitted a written request for home confinement to BOP Warden Leu. [ECF No. 36-1]. The Government argues this request does not satisfy the § 3582 exhaustion requirement because Defendant requested home confinement, not compassionate release; and according to the Government, BOP never received any request from Defendant.[1] [ECF No. 38]. Nevertheless, the Court finds Defendant satisfied the exhaustion requirement.

The phrase "compassionate release" need not appear on the face of the request. *See United States v. Schumack*, No. 14-80081-CR, 2020 WL 4333526, at *2 (S.D. Fla. June 11, 2020) (finding that the defendant's daughter commenced the exhaustion requirement's 30-day time period for a compassionate release motion when she sent a letter on his behalf although the letter requested

---

[1] Defendant denies that BOP never received his request. He asserts he sent the request to Warden Leu and more than thirty days have passed since then. [ECF No. 39].

home confinement). Additionally, Defendant's request contained sufficient information to convey reference to a request for compassionate release—it cited "multiple health issues," his age, and COVID-19 as justifications for release to his family. [ECF No. 36-1]; s*ee United States v. Lee*, 848 F. App'x 872, 874 (11th Cir. 2021) (per curiam) (holding that requests must explain extraordinary and compelling circumstances for release and proposed release plans). Also, it was written on an official BOP "Inmate Request to Staff" form. *United States v. Moody*, No. 05-80121-CR, 2020 WL 4059659, at *4 (S.D. Fla. May 15, 2020) (finding that defendant failed to exhaust administrative remedies because his request was "merely a plain sheet of paper with his handwriting, bearing no indicia of authenticity"). Liberally construing the request because Defendant proceeds *pro se*, *United States v. Hernandez*, No. 1:14-CR-20624, 2021 WL 736411, at *1 n.1 (S.D. Fla. Feb. 24, 2021) (citing *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014)), the Court finds that Defendant exhausted his administrative remedies.

### B.     **Extraordinary and Compelling Reasons**

The Court must next determine whether Defendant's alleged medical condition constitutes an extraordinary and compelling reason warranting compassionate release. Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Condition of the Defendant.**

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

4

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sent'g Guidelines Manual § 1B1.13 cmt.

Defendant alleges that he has hypertension and that his age (now 54) makes him especially vulnerable to COVID-19. [ECF No. 36]. However, Defendant has not provided the Court with medical records to verify his hypertension diagnosis. Interestingly, after reviewing Defendant's medical records, the Government asserts that Defendant has type 2 diabetes, not hypertension.[2] [ECF No. 38 at 3]. Type 2 diabetes is a chronic condition that may increase the risk of severe illness from COVID-19. *See* Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions*, CDC (May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, simply being diabetic does not qualify Defendant for compassionate release. *United States v. Hagan*, No. 3:17-CR-210-BJD-JBT, 2021 WL 1377765, at *4 (M.D. Fla. Apr. 12, 2021); *United States v. Johnson*, No. 3:17-CR-156-J-34MCR, 2020 WL 4261353, at *2 (M.D. Fla. July 24, 2020) ("[H]aving Type I diabetes still does not qualify as an extraordinary and compelling reason for compassionate release.").

Here, Defendant "fails to provide medical documentation" or "allege the severity of his illness[] and what treatments he is or is not receiving for [it]." *United States v. Bunch*, No. 19-CR-20550-BB, 2020 WL 2839174, at *4 (S.D. Fla. May 28, 2020) (finding that defendant did not meet his burden of establishing that his asthma, diabetes, and weight issues were extraordinary and compelling reasons supporting compassionate release). Importantly, the Government notes that Defendant is classified by BOP at Care Level 1, meaning his medical condition is "stable and can be easily managed." [ECF No. 38 at 9]. Thus, modification of Defendant's sentence is not

---

[2] No medical records pertaining to Defendant's diabetes were presented to the Court. According to Defendant's request to the warden, medical staff said he was borderline diabetic. [ECF No. 36-1].

warranted because there is no evidence that he has a medical condition that substantially diminishes his ability to provide self-care in prison. *See United States v. Morrow*, No. 21-10141, 2021 WL 3629822, at *2 (11th Cir. Aug. 17, 2021).

### C. Section 3553(a) Factors

Even so, the Court finds that the § 3553(a) factors do not support Defendant's release. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary." § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims." *Id.* Judge Moreno considered these factors in determining Defendant's sentence. Defendant's relatively new diagnosis of diabetes and/or hypertension does not provide a new and convincing basis to modify Defendant's sentence.

### D. Danger to the Community

Finally, the Court finds that Defendant is a danger to the community. In so doing, the Court considers: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). In addition to the instant firearm offense, Defendant has an extensive criminal history which spans his adult life. Defendant's criminal history includes 10 prior felonies, including armed robbery with a firearm, armed burglary, false imprisonment with a weapon, fleeing and eluding a police officer, and grand theft. [ECF No. 19 at

¶¶ 28–38]. Also, Defendant's conduct during incarceration further underscores his dangerousness. The Government alleges Defendant was sanctioned as recently as October 2020 for possession of drugs and/or alcohol while in federal prison. [ECF No. 38 at 15].

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release, [ECF No. 36], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of July, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE